RAILROAD *v.* PUGH.

(*Knoxville.*    November 13, 1896.)

1. CHARGE OF COURT.    *Special requests.*

Where the Court, at defendant's special request for additional instructions, charges that certain facts constitute contributory negligence that bars plaintiff's suit, it is not error for the Court to remind the jury in that connection that they must determine, from the proof, whether such facts exist, and to state that defendant's apparent negligence might be excused on account of his terror or fright, caused by his situation of peril.    (*Post, pp. 625, 626.*)

2. SAME.    *Construed as a whole.*

In construing the Court's charge to a jury, the several propositions therein contained must be taken and considered together as one whole, not disconnectedly.    (*Post, p. 634.*)

3. SAME.    *Proper refusal of special request.*

A special request for additional instructions is properly refused which, though not embodied *verbatim* in the charge, is, nevertheless, substantially given by the original charge, taken as a whole.    (*Post, pp. 633, 634.*)

4. CONTRIBUTORY NEGLIGENCE.    *Correct charge.*

The Court's charge upon the subject of contributory negligence is sufficient to justify the refusal to give a correct additional request that plaintiff cannot recover if his negligence "directly contributed to the cause or was the occasion of the injury," when, in different paragraphs, it is stated that "if the plaintiff's negligence" was the "direct," "immediate," or "proximate" cause of the injury, the defendant would not be liable; and again, that if the plaintiff's negligence was simply "contributory thereto," and "not the proximate cause" of the injury, the defendant might be liable, provided its negligence was the direct and proximate cause of the injury, but that, in

Railroad *v.* Pugh.

this latter event, plaintiff's contributory negligence must be considered in mitigation of damages. (*Post, pp. 626-634.*)

FROM M'MINN.

Appeal in error from Circuit Court, of McMinn County. W. T. LANE, Sp. J.

HARBISON & ROBERTS and J. E. MAYFIELD for Railroad Co.

BURKETT & MANSFIELD for Pugh.

SNODGRASS, Ch. J. This case is before the Court for the second time. On the first appeal it was reversed for error in the charge of the Court respecting statutory precautions, which were held not to apply within the limits of the appellant's switch yard. 11 Pick., 419. It was again tried, this time before W. T. Lane, Special Judge, and a jury, when verdict and judgment were rendered for $2,000, the amount sued for. Defendant again appealed, and assigned errors. The errors assigned are: First, that there is no evidence to sustain the verdict. There was evidence, and this need not be further noticed. Second, that the verdict was excessive. Whether that be true or not, it is not so excessive as to authorize us to disturb it. Third, it is insisted that the Court erred in its charge to the jury

13 P—40

on a proposition which was submitted as follows: "If the plaintiff, being a person of ordinary intelligence, and possessed of his natural faculties, voluntarily placed himself in front of the moving cars in defendant's switch yard, or on and dangerously near to the same, while such moving car was approaching him, and in full view, and if while in this position he learned of his danger, either through the medium of his own senses of sight or hearing, or by warning given by defendant's employees or other person or means, in sufficient time for him to have gotten off of the track and out of the way, and if he failed to do so, then the plaintiff was guilty of such negligence as would bar any recovery, and your verdict should be for defendant." And to which the Court added: "Gentlemen of the jury, the above is the law, but it remains for you to determine from the proof whether the plaintiff was, in fact, notified by any means of his danger, or whether, by ordinary prudence and reasonable caution, he could have learned of such danger; and, if so made known to him, was it in time to give him reasonable chance to escape, and if such failure to escape was on account of terror or fright occasioned by the sudden approach of the cars, then he would not be guilty of negligence in not escaping." There was no error in this. Fourth, that the Court erred in refusing to charge the jury that, "if the negligence of the plaintiff directly contributed to the cause, or was the occa-

sion of the injury, then there could be no recovery in the case by plaintiff." This was the law in this particular case, it not being one governed by the statutory provisions against accidents in which the contribution to the injury, whether direct or indirect, by the plaintiff, cannot bar his recovery, but can only be considered in mitigation of damages. The rule at common law was, and in this State still is, that any contribution to an injury, which directly produced it, would bar the action in any case where statutory provisions to the contrary do not apply. The Court declined to give this charge, among others which need not be noticed, making, in that connection, the following statement: "The Court declines to give either of the above requests in charge to the jury, as he has fully instructed the jury on the law of the points involved." Whether it is to be understood by this that the Court meant he did not regard it as the law, as now insisted by counsel for plaintiff in error, or whether he regarded it as the law, and as already given in his charge, does not affirmatively appear from the statement itself. Whatever may be the effect of the charge already given, can only be determined by a reference to those parts of it in which this question was in any way treated. We proceed to state, therefore, what the Court has said, and all he has said, respecting the negligence of the plaintiff. His first reference to it is in the following proposition: "The jury will perceive that the gist of the action

is a question of negligence. It becomes necessary, therefore, for me to define and explain to you what negligence, in legal 'effect, is. Negligence is the want of ordinary care and caution in doing an act. Or it is the failure or omission to do what a person of ordinary prudence or caution would do under the circumstances. Or it is a failure to perform, a duty required by law. . . .

"In order to sustain an action on account of negligence, it is necessary for the plaintiff to show not only that the defendant was negligent, but that such negligence was the proximate cause of the injury complained of; that is, that it immediately produced or brought about the injury, or set in operation the agencies which did so. For although the proof may show that the defendant was to some extent negligent, yet if such negligence contributed only as the remote instead of the immediate or proximate cause of the injury, and the plaintiff's own negligence was the proximate cause, the defendant would not be liable. · If the proof in this case shows that the defendant was negligent, and that the negligence was the proximate cause of the injury complained of, then the plaintiff would be entitled to recover such damages as he sustained. On the other hand, if the plaintiff was negligent, and his negligence was the proximate cause of the injury, he would not be entitled to recover. So, if both the plaintiff and defendant were negligent and equally blamable, the plaintiff would not be entitled to recover. If, how-

Railroad v. Pugh.

ever, both were negligent and to some extent to blame, but the proof shows that the defendant's negligence was the proximate cause of the injury, then the plaintiff would be entitled to recover; but in this event it would be the duty of the jury to consider the plaintiff's negligence in mitigation or diminution of his damages. In other words, you could not give him as large a verdict as he would be entitled to if the proof showed that he was without fault or blame on his part. His conduct, under the circumstances, must be weighed in determining how much his damages should be diminished from what they otherwise ought to be if he had been free from fault. . . . And if the plaintiff was free from fault himself, the defendant would be liable for all damages suffered by the plaintiff. But if the plaintiff himself was negligent or at fault, still he would be entitled to recover if the injury was caused by a backing train, and proper care and prudence was not then used in such backward switching as the conditions existing then and there demanded; but in this event it would be the imperative duty of the jury to consider the plaintiff's fault or negligence in lessening his recovery. If the backing of the train, even if imprudently made, was not the proximate cause of the injury, or if the plaintiff's own negligence was the proximate or immediate cause of the injury, plaintiff could not recover at all. . . .

"In the case of contributory negligence the inquiry is as to whose conduct or neglect more imme-

diately produced or brought about the injury. If the act or neglect of the defendant, then for that neglect it is responsible. If the injury was caused by the plaintiff's conduct, or was the immediate result of the conduct of the plaintiff, to which the wrong of the defendant did not contribute as an immediate cause, then plaintiff cannot recover, but must bear the results of his own neglect or conduct. If the defendant was guilty of a wrong by which plaintiff was injured, and the plaintiff was also in some degree negligent or contributed to the injury, it must go in mitigation of damages, but it will not excuse or justify the defendant's wrong. . .

"And the mere fact that a party is a trespasser upon a railroad track will not prevent him from recovering for injuries negligently inflicted by another, which might have been averted by ordinary and proper prudence on the part of the latter. Therefore, although a person be injured on a railroad track under said circumstances, or while contributing to the injury by his own carelessness or negligence, yet if the injury might have been avoided by the use of ordinary care and caution by the company, the company will be liable in damages for the injury, but, as before stated, the plaintiff's contributory negligence will be taken in mitigation of damages. . . .

"While the defendant is required to observe precaution for the safety of persons, the law places an obligation upon a person about to go upon or

across a railroad track. In other words, it was the plaintiff's duty, before going upon the defendant's track, or near enough thereto to be injured by a passing car, to use ordinary prudence and caution by looking to ascertain whether or not there was any danger in going upon or about the track or thereabouts. A man is bound to make ordinary and prudent use of his faculties for his own protection, and if the plaintiff failed to do so, he was guilty of contributory negligence at least. And if this negligence was the direct cause of the injury, to which the wrong of the defendant did not contribute as proximate cause, then plaintiff could not recover at all. But if the defendant's wrong was the proximate cause of injury, and the plaintiff's negligence was simply contributory thereto, and not the proximate cause, plaintiff would be entitled to recover, but his negligence will be weighed in lessening his damages. . . .

"But if it failed to use such care, and such failure was the proximate cause of the plaintiff's injury, defendant would be liable. If defendant is liable, but plaintiff was guilty of contributory negligence, such negligence must be considered in mitigation of his damages."

The doctrine of contributory negligence which prevails in this State, where an injury is inflicted otherwise than in the nonobservance of the statutory precautions prescribing a contrary rule, is stated in the cases of *Dush* v. *Fitzhugh*, 2 Lea, 307, and *Rail-*

*way Co.* v. *Hull*, 4 Pick., 33. Much of the charge of the Court is copied from the first of these cases, and particularly the statement in the charge that "if the act or negligence was that of the defendant, then for that conduct or negligence he should be held responsible. If the injury was caused by the conduct, or was the immediate result of the conduct, of the plaintiff, to which the wrong of the defendant did not contribute as an immediate cause, then plaintiff cannot recover, but must bear the results of his own conduct or negligence. If defendant was guilty of a wrong by which plaintiff is injured, and plaintiff, also, in some degree was negligent or contributed to the injury, it should go in mitigation of the damages, but cannot excuse or justify the wrong of the defendant." This was formulated in that opinion as "the result of our cases" (p. 309).

This proposition is not absolutely accurate, though correct as far as it goes. It would have been absolutely correct had the statement been that if the injury was caused by the plaintiff's conduct, or was the immediate result of the conduct of the plaintiff, to which the wrong of the defendant did or did not contribute as an immediate cause, then plaintiff cannot recover, but must bear the results of his own negligence or conduct.

In the case referred to in 4 Pickle, the doctrine was restated with more particularity, as follows: "Contributory negligence on the part of the plaintiff is, when it proximately contributes to the inflic-

tion of the injury, a bar to an action, because a person cannot be permitted to rush upon an apparent danger, and then, because an injury ensues, be allowed to saddle the other party with the pecuniary consequences of an injury which his own want of care has brought upon him.    But if the damage is not the necessary or ordinary or likely result of such contributory negligence, but is due to some wholly unlooked-for and unexpected event, which could not reasonably have been anticipated or regarded as likely to occur, such contributory negligence is too remote to be set up as a bar to the action.

" In all cases where negligence on the part of the plaintiff is remotely connected with the cause of the injury, the question to be determined is whether the defendant, by the exercise of ordinary care and skill, might have avoide l the injury.    If he could have done so, the remote and indirect negligence of the plaintiff cannot be set up as an answer to the action.    2 Woods Railway Law, 1254, 1255."

Turning to the charge of the Court, while we do not find in any one paragraph of the charge all of the elements required to be present or absent in constituting or not constituting contributory negligence, yet we do find that the Court says to the jury, in different paragraphs that, "if the plaintiff's negligence" was the "direct," "immediate," or proximate cause of the injury, the defendant would not be liable; and again, that if the plaintiff's negligence was simply "contributory

thereto," and "not the proximate cause," the defendant might be liable, provided its negligence was the direct and proximate cause, but the jury was peremptorily told that it must consider any contributory negligence of the plaintiff in mitigation of damages.

In these several propositions, and the charge must be taken as a whole and not disconnectedly, the Court correctly stated the rule as laid down in the cases cited, and, therefore, it must be assumed that the additional instruction asked was properly refused, because it had been substantially given, and defendant was not entitled to have it repeated as an abstraction in its own language.

We think, therefore, the action of the Court refusing to give all of the additional instructions submitted, was not erroneous, as, so far as they were law, they had been already given.

The judgment of the Court must therefore be affirmed with costs.