Nashville, etc., Railway Co. *v.* Norman.

Nashville, Etc., Railway Co. *v.* Norman.

(*Nashville.*   March   1,   1902.)

1. Jury Trial.   *Credibility of witnesses and weight of evidence are questions for jury.*

On a jury trial the credibility of a witness and the weight to be given his testimony are questions for the exclusive determination of the jury.   (*Post, p. 328.*)

2. Same.   *Charge does not invade province of jury, when.*

The Court does not invade the province of the jury by stating, in the course of his instructions to the jury, the contentions of the respective parties.   (*Post, pp. 328, 329.*)

3. Negligence.   *Contributory of plaintiff that defeats action.*

Not only contributory negligence of the plaintiff which is the sole controlling and proximate cause, that is, the cause without which the accident or injury would not have occurred, will defeat his action; but his negligence that concurs with that of the defendant in producing the injury or accident, as its proximate cause, will defeat his action.   Plaintiff's negligence that does not contribute, as its proximate cause, to produce the injury or accident, will not defeat his action, but goes in mitigation of damages.   (*Post, pp. 328-336.*)

Cases cited:   Whirley *v.* Whiteman, 1 Head, 617; Railroad *v.* Pugh, 97 Tenn., 627; Dush *v.* Fitzhugh, 2 Lea, 307; Railway Co. *v.* Hull, 88 Tenn., 35; Saunders *v.* City Suburban Railway, · 99 Tenn., 135; Barr *v.* Railroad, 105 Tenn., 547.

4. Charge of Court.   *Refusal of requests.*

If the Court's charge as given covers a request for further instructions, it is not error to refuse it.   (*Post, p. 336.*)

5. Same.   *Same.*

It is not error for the Court to refuse to give a request instructing the jury that a street railway company has a preferential right of way, in the operation of its cars at street crossings, over

Nashville, etc., Railway Co. *v.* Norman.

vehicles and pedestrians. Such companies have no such preferential right. (*Post, pp. 336, 337.*)

Cases cited : Citizens' Rapid Transit Co. *v.* Seagrist, 96 Tenn., 119; Street Railway Co. *v.* Howard, 102 Tenn., 474.

6. SAME. *Same.*

It is error for the Court to refuse to give a request for further instructions, not covered by the principal charge, presenting defendant's theory that a street railway company is not liable for injury caused by collision with a vehicle that came suddenly on the track and so near its approaching car that the accident could not be averted by the motorman, although he exercised due care and did all that was possible to prevent the collision. (*Post, pp. 337-339.*)

## FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County. JOHN W. CHILDRESS, J.

R. F. JACKSON and J. M. ANDERSON for Railway.

WASHINGTON, ALLEN & RAINS for Norman.

McALISTER, J. The plaintiff below recovered a verdict and judgment against the defendant companies for the sum of $3,000.00 damages for personal injuries. Both companies appealed and have assigned errors. The gravamen of the action is, that the plaintiff, while driving a delivery wagon drawn by two horses, was injured in consequence of the negligence of defendants, their

servants and agents, in the operation of a street car along Front Street, in the city of Nashville. The evidence shows that the accident in question occurred about 11:30 o'clock at night. The grade of Front Street from the Public Square to Church Street is very heavy. Church Street intersects Front Street about halfway between the Public Square and Broad Street. At the time of the accident the plaintiff was in the act of delivering freight to Diehl & Lord, whose business house is on the east side of Front Street, and about 200 feet below Church Street. The accident occurred just at the intersection of Church and Front streets. There is evidence tending to show that plaintiff was proceeding along Church Street at a moderate rate of speed, and turned into Front Street, going in a diagonal direction across the street car track towards the business house of Diehl & Lord, on the opposite side of Front Street. The wagon had not reached the track, but the horses' heads were about the center of the track, when plaintiff discovered a car about 100 feet away. He immediately pulled his horses to the right, but before he succeeded in getting away from the track, the running board of the car struck the hub of the wheel and the doubletree of the wagon, throwing plaintiff upon the ground, under the feet of his horses and the wheels of his wagon, inflicting upon him severe and permanent injuries. There is evidence tending

to show that the car was running at an immod-
erate and dangerous rate of speed, and that the
bell was not rung or the gong sounded, or other
signal given of the approach of the car.

Four or five witnesses prove that the motor-
man, prior to the accident, did not ring the bell
or sound the gong; that the car was running at
the time at a rate of speed which the witnesses
variously estimate from twenty to thirty miles an
hour, in violation of the city ordinance, which
prohibits a rate of speed exceeding six miles an
hour. The speed and momentum of the car is
further shown by the fact that the wagon with
which it collided, weighing 3,000 or 4,000 pounds,
was thrown from the center of the street into
the gutter, and the car ran a hundred feet be-
fore stopping. There is also evidence tending to
show that the motorman, as the car approached
Church Street, could have seen the horses and
wagon at a distance of 100 feet, but made no
effort to check the car or put it under control.
The insistence, however, of counsel for the com-
pany under this assignment of error is, that the
injuries sustained by plaintiff resulted from his
own negligence as the proximate cause. The spec-
ification is that, although plaintiff was aware that
he was approaching the street car track, he
neither looked nor listened, but drove upon the
track heedlessly and recklessly. It is insisted that
this fact appears from the plaintiff's own testi-

mony. We have carefully read the evidence, and find that plaintiff did testify that as he approached Front Street from Church Street, he looked up Front Street in the direction of the Public Square, and had a view of 100 yards, but saw no car.

Plaintiff states that his horses were then in a jog trot, and he proceeded to cross the street car track, angling to the right. When he discovered the car approaching, at a distance of only 100 feet, he immediately pulled his horses to the right and did all in his power to get out of the way. While the plaintiff does state that he looked up Front Street while still on Church Street, and before going upon the street car track, the cross-examination weakened his testimony on that point, and left the impression that he was not testifying from positive recollection that he looked, but from his general habit to do so. However, the plaintiff, in his re-direct examination, repeats with more or less positiveness that he did look before going upon the track. The objections now urged go to the credibility of the witness, and the weight to be given his testimony, all of which were matters for the determination of the jury.

The second assignment of error is based upon the idea that the Court, in his instruction to the jury, proceeded upon the assumption that the effect of plaintiff's testimony was, that as he ap-

proached the track, before going on it, he looked up the street to see if a car was approaching. It is insisted that this was a judicial construction or interpretation of the plaintiff's testimony, and the determination by the Court of a vital question, which was earnestly controverted before the jury. In other words, it is insisted that, while defendant's counsel was contending that the plaintiff had not testified that he looked up Front Street before driving his horses on the track, the Court, in stating the contention of the plaintiff, assumed that he had so testified. It is very obvious that the Court, in the use of the language objected to, was simply stating the contention of the plaintiff's counsel below, and stated no fact as established by the testimony. The contention of counsel for plaintiff below and in this Court was, that the plaintiff, before going upon the track, looked and listened for the approach of a car, and we do not perceive that the Court, in stating the respective contentions of the parties, infringed in any manner upon the province of the jury.

The third assignment of error is, that the Court erred in refusing the following supplemental instruction asked by counsel for defendant companies, namely: "It was the duty of plaintiff to look and listen for the approach of the car before attempting to pass over the track, and if you believe, from the evidence, that he failed

to look and listen, and that such failure was the direct and proximate cause of the accident, or *directly contributed to it as its proximate cause,* your verdict should be for the defendant." It is insisted by counsel for the plaintiff below, this instruction was covered by the general charge, in which the Court said, as follows: "It was the duty of the plaintiff to look and listen, and to have his horses under reasonable control as he approached the cars," etc. The Court, after further instructing the jury upon the reciprocal duties and obligations imposed by law upon the respective parties litigant, concluded as follows: "With these general principles of law, you will proceed to consider the facts and apply the same to the law as given you above, and find such verdict as you believe warranted. Otherwise if you find that the plaintiff, upon the night in question, undertook to cross the track of defendant, at the intersection of Church and Front streets, that he failed to observe the precautions required of him, as explained to you above, and that, by reason of his own negligence, and in failing to observe those precautions, he drove upon the track of defendant companies, and that his own negligence was the proximate and controlling cause of the accident or collision, the cause without which the accident would not have occurred, then in that event you should find for the defendant." The Court also gave in his general charge the

following instruction: "Again, if you should find that the plaintiff's own negligence and want of care and precaution contributed to the accident, but was not the proximate and controlling cause of same, this would not deprive the plaintiff of his right to a recovery, but should be taken by you into account in mitigation of damages that you otherwise would allow."

The objection to the charge and the refusal to charge, as requested, we quote at length from the brief, since it presents very clearly and pointedly the alleged error, as follows: "The Judge, in his charge to the jury, after defining the amount of care and caution incumbent upon plaintiff to avoid the accident, told the jury that if they found that this action and conduct of the plaintiff, describing it, was the proximate and controlling cause of the accident, the cause without which the accident would not have occurred, then, in that event, the jury should find for the defendant. It will be observed in this instruction of the Judge, that plaintiff was to be defeated in his action, provided only that the jury found that his negligence was the proximate and controlling cause of the accident, the cause without which the accident would not have occurred. The Court then adds: 'Again, if you should find that the plaintiff's negligence and want of care and precaution contributed to the accident, but was not the proximate and controlling cause of the same, this

would not deprive the plaintiff of his right to a recovery, but should be taken by you into account in mitigation of damages that you would otherwise allow.' In this same connection, the defendant was entitled to have charged the jury, not only as the Judge did charge, that if his negligence was the proximate and controlling cause of the accident, the cause without which the accident would not have occurred, but also the further principle that although the plaintiff's negligence was not the proximate and controlling cause of the accident, the cause without which the accident would not have occurred, that yet, if they found that the proximate and controlling cause of the accident was the mutual concurrent negligence of both plaintiff and defendant, that the plaintiff could not recover.

"In both of these requests this idea is incorporated, their language being "that the negligence of the plaintiff that either was the direct and proximate cause of the accident, or directly contributed to it, as the proximate cause, your verdict should be for the defendant."

"It will be observed that the Court does correctly state to the jury that if the plaintiff's negligence and want of care and precaution remotely contributed to the accident, but was not its proximate and controlling cause, that plaintiff would not be defeated of his recovery, but that this fact could be looked to only in mitigation

of damages. · But the Court no where in its charge tells the jury that if the plaintiff's negligence and want of care and precaution contributed to the accident as its proximate cause, that plaintiff would be barred of his right of recovery. The only charge as to this point is, that in order to defeat plaintiff's right of recovery, his negligence must be the proximate and controlling cause, that cause without which the accident would not have occurred, making no allowance whatever for the doctrine of mutual or concurrent negligence of plaintiff and defendant."

We are constrained to hold that the objection thus urged to the charge is well founded, and the Court was in error in refusing the supplemental request, to the effect that if the plaintiff's negligence contributed proximately to the accident, this fact would defeat the right of recovery. In other words, the Court, in his general charge, only covered the proposition of remote contributory negligence, which is to be considered in mitigation of damages, but wholly ignored the doctrine of proximate contributory negligence, which defeats the action. In *Whirley* v. *Whiteman,* 1 Head, 617, it was held that, "if a party by his own gross negligence brings an injury upon himself, or contributed to such injury, he cannot recover; for if by ordinary care and prudence he might have avoided it, he must ·be regarded as the author of his misfortune, etc. It is likewise

equally true that in case of mutual negligence, where the parties are equally blameable, there can be no recovery. The Court reaffirmed in that case the general principle that a person shall not recover for an injury brought upon himself by his own want of reasonable care and prudence, or which his want of ordinary care contributed to produce, or where the parties must be viewed as equally culpable.".

Again, *Railroad* v. *Pugh,* 13 Pickle, 627, it was stated, viz.: "The rule at common law, and in this State still is, that any contribution to an injury which, directly produced it, would bar the action in any case where statutory provisions to the contrary do not apply, etc." Proximate contributory negligence is further explained in the following language: "If the injury was caused by the plaintiff's conduct, or was the immediate result of the plaintiff's conduct, to which the wrong of the defendant did or did not contribute as an immediate cause, the plaintiff cannot recover, but must bear the result of his own negligence or conduct." See, also, *Dush* v. *Fitzhugh,* 2 Lea, 307. In *Railway Co.* v. *Hull,* 4 Pickle, 35, the Court said, viz.: "The jury were no where told that the negligence of the plaintiff, which might and ought to be considered in mitigation of damages, should be such as contributed remotely, and not directly, to the injury, and that if the negligence of the plaintiffs contributed

directly to the injury as the proximate cause thereof, instead of remotely, such negligence would be a complete bar to any recovery. Contributory negligence is, when it proximately contributes to the infliction of the injury, a bar to an action, because a person cannot be permitted to rush upon an apparent danger and then, because an injury ensues, saddle the other party with the pecuniary consequences of an injury which his own want of care brought upon him." In *Saunders* v. *City Suburban Railway,* 15 Pickle, 135; the Court said, viz.: "The (trial) Court rightly charged the jury in effect, that any negligence on the part of the plaintiff that contributed to the injury as a proximate cause, would bar his action, and that any negligence on his part that contributed to the injury as a remote cause, should be considered in mitigation of damages otherwise allowable." In *Barr* v. *Railroad,* 21 Pickle, 547, the Court, in considering the application of this principle to the facts, said, viz.: "The defendant's negligence in obstructing the plaintiff's rightful passage upon the highway did not justify her negligence in attempting to pass over the train. They were both in fault, and the fault of one concurred directly and proximately with that of the other in producing the injury. It is not a case of proximate negligence on the part of the defendant, and remote negligence on the part of the plaintiff, in which the latter's

fault goes merely in mitigation of damages, but it is a case of proximate negligence on the part of both, in which the latter's fault absolutely bars her action." The Circuit Judge was therefore in error in not submitting to the jury this supplemental instruction.

The fourth assignment of error is based upon a supplemental request refused by the court, to the effect that if the plaintiff by the exercise of reasonable care and diligence might have seen the car approaching in time to have avoided the accident, he could not recover, but we think this instruction was necessarily embraced in the general charge, to the effect that if the plaintiff failed to look and listen before attempting to cross the street car track, this fact would defeat his right of recovery, for this was equivalent to instructing the jury that if the plaintiff, by the exercise of ordinary care and diligence could have seen the car approaching, and failed to exercise that degree of care, he would not be entitled to recover.

The sixth assignment is that the Court erred in refusing to charge as follows:

"The street car company had the preferred right of way over and along the track for the passage of its cars, because such cars are necessarily · confined to the tracks laid for them, and cannot run elsewhere." This instruction was properly refused, because in contravention of the rule laid down by this Court in *Citizens' Rapid Transit Co.* v.

*Seigrist,* 12 Pickle, 120, in which it was held that a street car has no superior rights over vehicles at grade crossings or at street intersections. As stated in *Street Railway Co.* v. *Howard,* 18 Pickle, 474, the rule is that at crossings a street railway company has in the operation of its cars no preferential right of way over vehicles and pedestrians.

The seventh assignment of error is that the Court erred in refusing to charge the following request, namely: "If you find from the evidence that while the agents and servants in charge of the car were exercising ordinary care and precaution, the plaintiff drove upon the track in front of the moving car when the car was close to it; that the motorman, by the exercise of reasonable care and diligence, could not stop the car in time to prevent the collision, the defendants would not be liable, and your verdict should be in their favor." This request embodied the theory of the defendants, namely, that plaintiff's wagon appeared upon the track so suddenly, and in such close proximity to the car, that it was impossible to stop the car in time to prevent the accident. There was evidence tending to support this theory. The motorman testified that as he approached Church Street he sounded his gong, and when about two-thirds of the way across Church Street, on Front, he saw plaintiff coming in a rapid trot across the track; that he at-

24 P—22

tempted to stop his car by setting up his brake, and pulled his reverse lever back, but did not put on the current, because he was knocked loose from his lever by the horse's head. He further states that he had on no current at the time, and was running very slow; that he was standing at the time of the accident at his proper place, about the middle of the platform, with his right hand on the brake and his left on the controller. He further states that plaintiff's wagon came straight across from Church Street to the track, and that the horses were not turned until they struck the car. He further testified that his headlight was burning and could have been seen a distance of one mile. He further states that the gong was in good condition and could be heard one hundred yards at least, and probably further, maybe a quarter of a mile. That he sounded it when 15 or 20 feet away from Church Street and when he crossed it. There was evidence submitted by defendants corroborating the testimony of the motorman on the subject of the speed at which the car was traveling.

Another witness testified that he made an examination of the street car after the accident, at the shed, and found that the headlight box had a hole punched in the side and the reflector had a dent in it. The glass in the headlight was also broken out. The hole in the headlight box

was on the right-hand side, as was also the dent in the reflector.

It is argued that it was impossible for the headlight to have been mashed and dented in the manner described without an external collision with an object from the side and in front of the car. The theory of defendant was that as the head of the lead or left-hand horse was projected on the front platform from the side, that the tongue of the wagon inflicted the injury to the headlight.

The supplemental request presented the theory of the defendant, and was supported by the testimony just mentioned. The Court, in his general charge, except in stating the contention of the respective parties, did not touch upon this theory. The defendant was entitled to have the jury instructed upon the law applicable to its theory of the case, and the refusal of the Court to do so is a reversible error.

For the errors indicated, the judgment is reversed and the cause remanded.