MEMPHIS STREET RAILWAY CO. *v.* T. K. RIDDICK *et al.*

*(Jackson.* April Term, 1903.)

1. **STREET RAILROADS.** Failure to look and listen for cars not negligence, when.

   While it is ordinarily the duty of a person traveling on a street in a vehicle to look and listen for the approach of cars, yet this is not an absolute rule of law, but it is for the jury to say in view of all the proof, whether the plaintiff was guilty of contributory negligence in failing to look and listen. (*Post, p.* 229.)

   Cases cited and approved: Citizens' Rapid Transit Co. v. Seigrist, 96 Tenn., 119; Saunders v. City Suburban Railroad Company, 99 Tenn., 130; Wilson v. Street Railway Co., 105 Tenn., 74.

   Case cited, distinguished and approved: Nashville Railway Co. v. Norman, 108 Tenn., 324.

2. **SAME.** Failure to look and listen for cars is negligence, when.

   But when a person is about to pass over the track of a street railroad in the nighttime, at the foot of a heavy grade, it is his duty to look and listen for the approach of a car before he attempts to pass over the track, and if he fails to look and listen, and such failure is the direct and proximate cause of the accident, or directly contributes to it as its proximate cause, this fact will defeat the right of recovery. (*Post, pp.* 229-231.)

   Case cited and approved: Nashville Railway Co. v. Norman, 108 Tenn., 324.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County.—J. P. YOUNG, Judge.

WRIGHT, PETERS & WRIGHT, for Railway Co.

M. C. KETCHUM AND W. A. PERCY, for Riddick et al.

———

Mr. JUSTICE NEIL delivered the opinion of the Court.

Shortly before the present suit was brought, the phæton of the defendant in error was run down, by a car of the plaintiff in error, on Beal street, in the city of Memphis, by reason of which occurrence the phæton was broken, and Mr. Riddick's daughter, Miss Harriet, and his colored driver, William Holloway, were injured. Mr. Riddick brought suit for the breaking of his vehicle, and also for the expense of medical attention to his daughter, necessitated by the collision. Miss Harriet also brought suit for the injury she sustained. The colored driver also brought suit, and these three actions were tried together as one case in the court below and in this court. Verdicts were rendered in favor of each of the three plaintiffs in the court below, and judgments were entered thereon. No question was made here as to the amount of these judgments, the errors assigned being directed alone to the charge of the circuit judge.

Numerous objections were made to the charge, and all have been disposed of in a written memorandum filed with the record. In the present opinion, designed for publication, we need notice only one of these objections,

and we do this in order to correct a misconception of one of the opinions of this court, which has been several times manifested during the present term of this court. The objection referred to is as follows:

During the course of his honor's charge, he used the following language: "While it is ordinarily the duty of a person traveling on the street in a vehicle to look and listen for the approach of cars, yet this is not an absolute rule of law; but it is for the jury to say, in view of all the proof, whether the plaintiff was guilty of contributory negligence in failing to look and listen." It is insisted that the circuit judge erred in giving this instruction, because it is said to be in conflict with our latest case upon the subject. *Nashville, etc., Ry. Co.* v. *Norman,* 108 Tenn., 324, 67 S. W., 479. The instruction was in accord with *Wilson* v. *Street Railway Co.,* 105 Tenn., 74, 83-85, 58 S. W., 334, and the cases therein cited, and with *Citizens' Rapid Transit Co.* v. *Seigrist,* 96 Tenn., 119, 33 S. W., 920, and *Saunders* v. *City & Suburban Railroad Co.,* 99 Tenn., 130, 41 S. W., 1031. It is insisted by counsel that a different rule is laid down in the Norman Case, but this is a mistaken view of that case. It was not intended in that case to overrule any of the cases referred to, or to in any wise depart from or modify them.

In the Norman Case there was evidence tending to show that Norman drove his wagon, at 11 o'clock at night, along Church street, in Nashville, into the crossing made by the intersection of Church street and Front

street, at the foot of a heavy grade running northward from that point to the public square, and that at this point he was struck by a car, upon Front street, coming downgrade from the direction of the public square, and that before going upon this crossing he neither looked nor listened.

In view of these facts, counsel for the railway company requested the circuit judge to give the following instruction to the jury, viz.: "It was the duty of the plaintiff to look and listen for the approach of the car before attempting to pass over the track, and if you believe from the evidence that he failed to look and listen, and that such failure was the direct and proximate cause of the accident, or directly contributed to it as its approximate cause, your verdict should be for the defendant." The circuit judge declined to give this instruction to the jury, and this action of his was assigned as error in this court. In respect of this matter, this court, speaking through McAlister, J., said: "We are constrained to hold that the objection thus urged to the charge is well founded, and the court was in error in refusing this supplemental request to the effect that, if the plaintiff's negligence contributed proximately to the accident, this fact would defeat the right of recovery." In that case the court regarded the act of the plaintiff in driving at night with his wagon into a crossing at such a place as negligence *per se*—that is, under the special facts just stated—and held, in effect, that, if that negligence was the proximate cause of the plain-

Street Railway Co. v. Riddick.

tiff's injury, he could not recover.    But this holding in no wise impeaches the rule announced in the case of *Wilson* v. *Street Railway Co.*, supra, and other cases referred to.    It results that the foregoing assignment of error must be overruled.

For other errors, however, pointed out in the memorandum opinion, the judgment  must be reversed, and the cause remanded for a new trial.