## L. D. BEJACH *v.* HENRY R. COLBY *et ux.*

### (*Jackson,* April Term, 1919.)

1. **APPEAL AND ERROR. Excluded deposition to be reviewed must be made part of record.**

   To enable the Supreme Court to review the alleged improper exclusion of an answer to an interrogatory in a witness' deposition, it is necessary that the deposition be made part of the record by a bill of exceptions. (*Post, pp.* 690, 691.)

2. **MUNICIPAL CORPORATIONS. Plaintiff cannot recover for death of his decedent contributorily negligent.**

   If plaintiff's decedent, killed in an automobile collision, was guilty of negligence proximately contributing to the accident, plaintiff cannot recover for the death unless otherwise provided by statute. (*Post, p.* 691.)

3. **NEGLIGENCE. Any contributory negligence of plaintiff will bar recovery.**

   Any negligence on the part of plaintiff contributing directly to the injury will bar an action. (*Post, p.* 691.)

   Case cited and approved: Railroad v. Pugh, 97 Tenn., 624.

4. **NEGLIGENCE. Remote contributory negligence constitutes mitigation, but no bar.**

   Where negligence by plaintiff is remotely connected with the cause of injury, the question to be determined is whether defendant exercising ordinary care and skill might have avoided the injury, and, if so, plaintiff's remote negligence may not be set up in bar of the action, but will be considered only in mitigation. (*Post, p.* 691.)

   Cases cited and approved: Dush v. Fitzhugh, 70 Tenn., 307; Railroad v. Pugh, 97 Tenn., 624; Nashville R. Co. v. Norman, 108 Tenn., 324; Memphis St. Ry. Co. v. Haynes, 112 Tenn., 712; Railroad v. Hull, 88 Tenn., 33; Railroad Co. v. Fleming, 82 Tenn., 128.

Bejach v. Colby.

Case cited and distinguished: Chattanooga Station Co. v. Harper, 138 Tenn., 562.

5. **MUNICIPAL CORPORATIONS.** Instruction as to contributory negligence in automobie accident misleading.

In an action for death of palintiff's decedent in an automobile collision, an instruction that, if such decedent was guilty of gross contributory negligence, there could be no recovery, regardless of whether or not it was one of the proximate causes of the accident, *held* misleading. (*Post, pp.* 693, 694.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. Ben L. Capell, Judge.

Boyd & Bejach, for plaintiff. .

Wilson & Armstrong, for defendants.

Mr. Justice Hall delivered the opinion of the Court.

An action of damages instituted in the circuit court of Shelby county by the plaintiff in error as the executor of Samuel Bejach, deceased, against the defendants in error to recover for the alleged negligent killing of his said testate.

There was a trial in the court below before the circuit judge and a jury, which resulted in verdict and judgment for the defendants in error, from which the plaintiff in error appealed to the court of civil appeals, where the judgment of the court below was affirmed.

The plaintiff in error has brought the case to this court by petition for writ of *certiorari* and errors upon the judgment of the court of civil appeals have been assigned.

The plaintiff in error's testate, Samual Bejach, was killed as the result of a collision taking place between his automobile and that of the defendants in error at the intersection of Overton Park avenue and Stonewall street, in the city of Memphis, on July 4, 1917. At the time of the collision Mr. Bejach's car was being driven by John Beasley, his chauffeur, west along Overton Park avenue, which is an east and west thoroughfare. The Colby car was being driven by the defendant in error Mrs. Henry R. Colby north along Stonewall street, which is a north and south thoroughfare.

The plaintiff in error offered evidence tending to show that the Bejach car was being driven west on the north or right-hand side of Overton Park avenue at a rate of speed not exceeding fifteen miles per hour until just before it reached Stonewall street, when the chauffeur slowed it down to about twelve miles per hour; that upon approaching Stonewall street the claxton or horn of the Bejach car was sounded by the chauffeur, who says that before entering into Stonewall street he looked south down that street for a car but did not see one, and proceeded to cross the street, and when near the west side of Stonewall street the car being operated by him was struck by the Colby car, which was moving north on Stonewall street. Beasley testified that he did not see the Colby car approaching until it was within from ten to twenty feet of the Bejach car, that the

Colby car was being operated at about forty miles per hour, and that he was unable to get his car out of its way in time to prevent a collision. The Bejach car was struck by the Colby car and was turned over, Mr. Bejach sustaining fatal injuries.

Miss Ora Reed, who testified on behalf of the plaintiff below, stated that she witnessed the collision from an upstairs window of her home, which is situated on the southwest corner of Stonewall street and Overton Park avenue. She testified that she observed the Bejach car before it reached Stonewall street, and she says that said car was moving at the rate of about fifteen miles per hour until just before it reached Stonewall street, when its rate of speed was reduced. She also stated that she could hear the racing of the motor of the Colby car before it came within the line of her vision, which indicated that it was being operated at a high rate of speed; that after it came within her view she says that it was running at the rate of about thirty-five miles per hour, and ran into the Bejach car, which had reached a point near the west side of Stonewall street. According to the testimony of both Beasley and Miss Reed, the Colby car was being operated on the west or left-hand side of Stonewall street at the time of the collision.

Mrs. Colby testified that the car which she was operating belonged to her husband, Henry R. Colby; that she was in the habit of operating it on the streets of Memphis, and at the time of the accident was operating it north along Stonewall street at a rate of speed of from eighteen to twenty miles per hour. She stated

141 Tenn.—44

that she reached the intersection of the two streets first, and was proceeding across Overton Park avenue when the Bejach car, which was approaching from the east on Overton Park avenue, undertook to run in front of her car and was struck by the front end of the car being driven by her. She stated that she observed the Bejach car just before the collision; that it was then very close, and was running at a very high rate of speed, which she estimated at twenty-five miles per hour. She testified that, when she saw that the Bejach car was not going to stop and that a collision was imminent, she stood up on her foot brake and did all within her power to bring her car to a stop, but was unable to do so.

The foregoing is, in substance, the respective contentions of the parties as to how the collision occurred. The testimony presented a sharp issue as to whose negligence brought about the collision, and there was evidence which would have supported a verdict either for or against the plaintiff below.

We might say here that there is no assignment by the plaintiff in error that there is no evidence to support the verdict of the jury. It is assigned as error that the court of civil appeals erred in not holding that the trial judge improperly excluded the answer to interrogatory No. 24 in the deposition of Ralph S. Harris, which it is claimed was offered on behalf of the plaintiff in error. The deposition of Harris was not made a part of the record by bill of exceptions, which was necessary to have this court review the alleged improper exclusion of said testimony.

It is next insisted that the court of civil appeals erred in not holding that it was error for the trial judge to give in charge to the jury the following special request offered by the defendants below:

"Gentlemen, a special request has been asked by the defendant, and I state to you that it correctly states the law. If you believe from the evidence that John Beasley was guilty of gross, contributory negligence, then there can be no recovery in this case, regardless of whether or not it was one of the proximate causes of the accident."

We think this assignment of error must be sustained. It is well settled by our decisions that contributory negligence is, when it proximately contributes to the infliction of the injury, a bar to an action, unless otherwise provided by statute. This is true because a person cannot be permitted to rush heedlessly into an apparent danger from which an injury results to him and then recover for such injury brought about by his failure to exercise ordinary care. The rule at common law was, and in this State still is, that any negligence on the part of the plaintiff, which contributes directly to the injury, will bar an action. *Railroad* v. *Pugh,* 97 Tenn., 624, 37 S. W., 555.

It is likewise well settled that, in all cases where negligence on the part of the plaintiff is remotely connected with the cause of the injury, the question to be determined is whether the defendant, by the exercise of ordinary care and skill, might have avoided the injury. If he could have done so, the remote and indirect negligence of the plaintiff cannot be set up as an answer to the action. Such negligence will only be considered in

mitigation of the damages. *Dush* v. *Fitzhugh,* 2 Lea,
307; *Railroad* v. *Pugh,* 97 Tenn., 624, 37 S. W., 555;
*Nashville R. Co.* v. *Norman,* 108 Tenn., 324, 67 S. W.,
479; *Memphis Street Railway Co.* v. *Haynes,* 112 Tenn.,
712, 81 S. W., 374; *Railroad* v. *Hull,* 88 Tenn., 33, 12 S.
W., 419; *Railroad Co.* v. *Fleming,* 14 Lea, 128.

It is insisted by the defendants in error that the
giving of the request in charge to the jury was war-
ranted by the holding of this court in the case of
*Chattanooga Station Co.* v. *Harper,* reported in 138
Tenn., 562, 199 S. W., 394. In that case the court
used this language:

"The rule in this State is that when the rights of
the parties are to be settled under the statute, which
prescribes the precautions that railway companies shall
use to prevent collisions on the track, the contributory
negligence of the person injured can only be taken in
mitigation of damages. On the other hand, when the
rights of the parties are to be settled by the common
law, the rule is that where the negligence of the party
injured contributed proximately to his own injury,
either alone, or, generally speaking, in conjunction with
the railway company, there can be no recovery; but in
case the negligence of the railway was the proximate
cause of the injury, and that of the person injured con-
tributed only remotely, then the contributory negligence
can be used only in mitigation; but otherwise if the
negligence of the party injured was gross, although,
in the absence of such degree of negligence on his part,
that of the railway company would be treated as the
proximate cause."

We think the court, in using the foregoing language, had reference to proximate contributory negligence. We do not think that it was intended by the language used to lay down the rule that negligence on the part of the plaintiff, if gross, would bar his right to recover though it did not directly produce the injury or contribute to it. If such is the meaning of the language used by the learned judge who wrote the opinion in that case, it does not state the correct rule, because, in all cases, before the plaintiff's negligence can be held to bar a recovery it must appear that such negligence directly contributed to bring about the injury. This is the test of the plaintiff's right to recover in all cases involving contributory negligence.

We think the request given by the trial judge in the case under consideration was misleading to the jury and prejudicial to the plaintiff in error. If the plaintiff were guilty of negligence which directly and proximately contributed to bring about the injury, it would make no difference whether that negligence was slight or gross, he could not recover. If, however, such negligence did not directly contribute to bring about the injury, the plaintiff can recover; the degree of negligence being immaterial, except in so far as it goes in mitigation of the damages.

The remaining assignments of error need not be discussed in this opinion. We have carefully examined them, and find that none of them are well taken.

For the error indicated, the judgment of both the court of civil appeals and the circuit court will be re-

versed, and the case will be remanded for a new trial not inconsistent with this opinion.

The costs incident to the appeal to the court of civil appeals and the filing of the petition for . writ of *certiorari* will be taxed against the defendants in error.