TALBOT *v.* TAYLOR *et al.*

(*Jackson,* April Term, 1934.)

Opinion filed March 19, 1935.

Rehearing denied April 6, 1935.

(Designated for publication April 12, 1947.)

SPRAGINS & SPRAGINS and PEARSON & HEWGLEY, all of Jackson, for plaintiffs in error.

HU C. ANDERSON and MURRAY & MURRAY, all of Jackson, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Talbot was injured while a guest in Taylor's car and sued him herein for the damages which he suffered. The trial court sustained a motion for a directed verdict and dismissed the suit . The Court of Appeals reversed the case and remanded it for a new trial.

About 7 P. M. one night in December, 1931, these two young men left Jackson for Brownsville, a distance of twenty-six miles, to call on some young ladies. When three miles out of Jackson it was discovered that the bulb in the left headlight had burned out. Neither party had thirty-five cents with which to buy a new one, so they de-

cided to make the trip with only one light burning. Near midnight on the return trip, eleven miles from Jackson, and on a curve, the Taylor car collided with one traveling in the opposite direction, resulting in serious injuries to Talbot. There is conflict in the testimony as to whether either light was burning when the accident occurred. Talbot testified that one light was burning, and that Taylor was driving carefully at about twenty miles per hour. After the impact it was observed that both cars were over the middle line of the highway. Talbot admits that he knew it was dangerous to drive with only one light, and says he was uneasy. The night was unusually dark, foggy and misty. Chrisman and Rush, who were in the west-bound car, testified that a car with both lights burning could be seen for only about thirty feet. Rush further testified that with his windows down he could see better without lights; that the conditions were so peculiar that the light reflected against the fog and made it appear as if his headlights were rebounding in his own eyes.

Chapter 82, Acts of 1931, provides that every automobile shall be equipped with two headlights, which shall be burning when operated at night .

Under the facts stated we conclude that Talbot was guilty of contributory negligence as a matter of law, which bars a recovery. Such was the effect of the decision of this Court in *Dedman* v. *Dedman*, 155 Tenn. 241, 291, S. W. 449. In that case the plaintiff was a guest and suffered injuries when a collision occurred as a result of the car in which she was riding being operated at an unlawful rate of speed. There was a conflict in the evidence as to whether the plaintiff was conscious that the car was being so operated. The Court said that reasonable men might differ as to whether plaintiff acted with ordinary care under the circumstances disclosed; hence that

was a proper issue to be submitted to the jury. In that case if the plaintiff had admitted knowing that the car was being operated at an unlawful rate of speed, without any protest on her part, then she would have been guilty of contributory negligence as a matter of law and barred from any recovery.

The rule is further illustrated in *Schwartz* v. *Johnson*, 152 Tenn. 586, 280 S. W. 32, 47 A. L. R. 323, in which the court said that one who rides in an automobile with an intoxicated driver takes his life into his own hands. He incurs the risk which may result from a hazard of that character; he is not exercising due care for his own safety. So that, in the case under consideration where the plaintiff, with knowledge that it was dangerous to drive on this much traveled highway with only one light burning, and charged with knowledge that it was unlawful to do so, voluntarily continued the journey and was injured, he cannot escape the consequences of his failure to exercise due care for his own safety.

The rule, in a somewhat different form, is thus stated in 45 C. J. 1043, 1044:

"Even the doctrine of assumption of risk, as usually applied, is not applicable because of the absence of any contractual relation between the parties, nevertheless, when plaintiff has brought himself within the operation of the maxim, *Volenti non fit injuria*, he cannot recover. In some jurisdictions it has been held that one who voluntarily exposes himself or his property to a known and appreciated danger due to the negligence of another may not recover for injuries sustained thereby, even though he was in the exercise of ordinary care. This has been referred to as the doctrine of 'incurred risk', 'taking the risk or hazard', or 'running the risk' incident to a known and appreciated danger."

In 5 C. J. 1413, under the title "Assumption of Risk," it is said: "A term which the law imports into the contract, when nothing is said to the contrary, that the servant will assume the ordinary risks of the service for which he is paid; the voluntary exposure, without remonstrance, to the ordinary hazards of the particular use of machinery or appliances, claimed by an employee to be defective or unfit, but of which conditions he knew, or must necessarily have acquired knowledge in the ordinary pursuit of his duties; in effect a waiver of defects and dangers and a consent on the part of the employee to assume them, no matter whether he be careful or negligent in his conduct. The term usually applies to the relation of master and servant, but may apply to other relations."

■ The Court of Appeals, while not controverting the foregoing principles of law, took the position that under the evidence a jury might conclude that Taylor had turned out the other light, which act was the proximate cause of the injury, and that the negligence of the plaintiff was remote. This, however, is not a case involving the degree of negligence of the respective parties, but is one of incurred risk. Whether the plaintiff be considered as contributing directly to the injury or as having incurred the risk, the result is the same. The underlying principle. in either case is embodied in the maxim quoted above, the meaning of which is "that to which a person assents is not esteemed in law an injury." *Milliken* v. *Heddesheimer*, 110 Ohio St. 381, 144 N. E. 264, 266, 33 A. L. R. 53. The same thought is embodied in our decisions, to the effect that if one by the exercise of ordinary care and prudence for his own safety might have avoided the injury, he must be regarded as the author of his own misfortune. *Whirley* v. *Whiteman*, 38 Tenn. 610; *Railroad* v. *Pugh*, 97 Tenn. 624, 37 S. W. 555; *Nashville, etc., Railway Co.* v.

*Norman* 108 Tenn. 324, 67 S. W. 479; *Louisville & N. R. R. Co.* v. *Anderson*, 159 Tenn. 55, 15 S. W. (2d) 753.

As to the question of assumption of risk, this Court, in *Lea* v. *Gentry*, 167 Tenn. 664, 670, 73 S. W. (2d) 170, 172, said: "When there can be no dispute as to his consciousness of the peril inherent in such a situation, then a question of law only remains, and the question is one for the court."

Both petitions for writs of *certiorari* have heretofore been granted and argument heard. For the reasons stated herein, the judgment of the Court of Appeals will be reversed and that of the circuit court affirmed.

## On Petition To Rehear

Counsel assume that we held that plaintiff was bound by his statement that one light was burning when the accident occurred, which is erroneous. We did not pass upon that question, deeming it immaterial. Our opinion was bottomed on the broad proposition that where one might have avoided the injury by the exercise of ordinary care and prudence, and failed to do so, he will be regarded as the author of his own misfortune. When, shortly after leaving Jackson, plaintiff discovered that one light bulb had burned out he was confronted with a situation which, according to his own testimony, he knew was hazardous. With this knowledge he decided to incur the risk, and thereby relieved Taylor from liability for the injury which followed.

Ordinarily where one exercises bad judgment when confronted with an emergency he will not be held liable for an injury which has resulted from his conduct. 45 C. J. 710. Rush testified that Taylor could see better with the lights extinguished. Taylor evidently felt that way about it, according to the testimony of plaintiff. But our

decision was not rested upon that principle of law. The testimony upon that question was cited in extenuation of Taylor's conduct upon that occasion. If plaintiff had not continued the journey in the car after discovering that it was unsafe to do so, he would not have been injured. On the other hand, it is not likely that the accident would have happened had both lights been burning. In the circumstances, whether Taylor's conduct was due to negligence or bad judgment, we think plaintiff had reason to anticipate such an accident, notwithstanding which he decided to take the chance. In this situation it would be unjust to charge Taylor with his misfortune.

The petition to rehear is denied.