LINCOLN AMUSEMENT CO. v. WILLIAMS.—149 S. W. (2d) 86.

Middle Section. January 25, 1941.

Petition for Certiorari denied by Supreme Court, April 5, 1941.

Albert A. White, of Nashville, for appellant.
Tillman Cavert, Jr., and Trabue, Hume, Davis & Gale, all of Nashville, for appellee.

HOWELL, J.  This is a damage suit brought by Nannie Williams, a colored woman, against the Lincoln Amusement Company, a corporation, which operates the Bijou Theatre on Fourth Avenue North in Nashville, for damages for injuries resulting in a broken hip, sustained by her when the wind blew a signboard belonging to the defendant below upon her or against her while she was walking along the sidewalk in front of the theatre.

It is alleged in the declaration that the negligence of the defendant in placing this easle type signboard next to the sidewalk when a high wind was blowing without anchoring or securing it in any way and permitting it to remain there was the cause of the accident.

It is further alleged in the declaration that the act of the defendant in negligently placing and maintaining this sign in a place of potential danger to the public resulted in the maintenance of a nuisance and that defendant was charged with the knowledge that such a nuisance was likely to cause injuries to plaintiff or other persons lawfully using the sidewalk.

It is also alleged that the failure of defendants to remove this sign as placed as foresaid under the existing circumstances constituted a nuisance and that this negligence of the defendant was the proximate cause of the plaintiff's injuries.  The defendant filed a plea of not guilty.

The case was tried by the court and a jury and the plaintiff awarded a verdict for $2,000 from which the defendant has appealed 'and assigned errors.

The three assignments of error all go to the action of the trial court in denying the defendant's motions to set aside the verdict of the jury and for a directed verdict for the defendant.

There are no other errors assigned.

It was the contention of the plaintiff that the negligence of defendant in placing the sign so near to the sidewalk and failing to brace or anchor it especially when such a wind was blowing as it was on the date of the accident, and in permitting the sign to remain so placed for hours while the wind was increasing in velocity, was the proximate cause of the injuries to the plaintiff.

It is well settled that the question of negligence is a matter that should be submitted to the jury and whether or not the negligence of the defendant in placing and allowing the sign to remain where it was under the conditions existing on the day of the accident was the proximate cause of the injuries to plaintiff was a question for the jury.

In the case of Moody v. Gulf Refining Co., 142 Tenn., 280, on page 289, 218 S. W., 817, on page 819, 8 A. L. R., 1243, the court said:

"The general rule is that what is the proximate cause of an injury is a question for the jury; the court instructing them as to what the law requires to constitute it, and the jury applying the law to the facts. But whether it will or will not be a question of the jury will depend on the facts of each case. Thus, where the facts of the particular case are disputable, and are of such a character that different minds might reasonably draw different conclusions therefrom, a question of fact is presented properly determinable by the jury. [Citing numerous cases.] . . .

"So, where the rule of an intervening efficient cause is relied on by the defendant, it is ordinarily a question for the jury whether there was such an intervening efficient cause as would prevent the negligent act or omission . . . from being the proximate cause of the injury. . . .

"It was held by this court in [Southern] Railroad v. Pugh, 97 Tenn., 624, 37 S. W., 555, that negligence is the want of ordinary care and caution in doing an act, or it is the failure or omission to do what a person of ordinary prudence or caution would do under the circumstances, or it is failure to perform a duty required by law."

There was evidence that this easle-shaped sign was placed near the sidewalk, not anchored or tied down in any way by an employe of the plaintiff in error, between one and two hours before the accident happened, while the wind was blowing, and that the wind increased in velocity, and also that the sign was at such a place, not where it was ordinarily kept, that it was not protected in any way from the wind.

There is ample evidence to support the verdict of the jury, and therefore the assignments of error are overruled and a judgment entered here for the sum of $2,000 and interest from March 11, 1940, and the costs of the cause.

Crownover, P. J., and Felts, J., concur.